COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges O'Brien, Ortiz and Raphael

JAMARA CLAIBORNE

v.        Record No. 1165-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
FEBRUARY 28, 2023

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Claire B. Cardwell, Judge

(Maureen L. White, on brief), for appellant.  Appellant submitting
on brief.

(Jason S. Miyares, Attorney General; Justin B. Hill, Assistant
Attorney General, on brief), for appellee.


Appealing her criminal sentence, Jamara Claiborne argues that Code § 53.1-187 required

the trial court to credit her for time served while on home-electronic monitoring, awaiting trial.

We squarely held in *Maryland v. Commonwealth*, 75 Va. App. 483 (2022), that the statute does

not permit such sentencing credit.  Accordingly, after examining the briefs and record, the panel

unanimously finds that oral argument is unnecessary because "the dispositive issue" in this

appeal has been "authoritatively decided, and the appellant has not argued that the case law

should be overturned, extended, modified, or reversed."  Code § 17.1-403(ii)(b); Rule 5A:27(b).

BACKGROUND

Claiborne was arrested in May 2021 on multiple assault and firearms charges after

directing her brother to shoot at her children's father.  Claiborne was granted bail on a cash bond

of $2,500 and released on home-electronic monitoring while awaiting trial.  In October 2021, the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

trial court amended the terms of release to permit Claiborne "to seek and maintain verified employment while on the home electronic monitor program." In March 2022, pursuant to a plea agreement, the trial court convicted Claiborne of two counts of unlawful wounding (Code § 18.2-51) and one count of cruelty and injuries to children (Code § 40.1-103). In May, the court sentenced Claiborne to fifteen years' imprisonment, with thirteen years and five months suspended. The court denied Claiborne's request that she be given credit for time served while on home-electronic monitoring. This appeal followed.

ANALYSIS

Claiborne argues that the trial court violated Code § 53.1-187 by failing to credit her for time served while on home-electronic monitoring. The interpretation of the statute presents a question of law that we review de novo. *Maryland*, 75 Va. App. at 487. Code § 53.1-187 provides, in pertinent part:

> Any person who is sentenced to a term of confinement in a correctional facility shall have deducted from any such term *all time actually spent* by the person in a state hospital for examination purposes or treatment prior to trial, *in a state or local correctional facility awaiting trial or pending an appeal*, or in a juvenile detention facility . . . .
>
> *In no case shall a person be allowed credit for time not actually spent in confinement or in detention. In no case is a person on bail to be regarded as in confinement* for the purposes of this statute.

(Emphases added).

This Court recently held in *Maryland* that "[t]he language in Code § 53.1-187 is clear, unambiguous, and does not permit credit for time 'not actually spent in confinement or in detention.' Code § 53.1-187 states that '*[i]n no case* is a person on bail to be regarded as in confinement for the purposes of this statute.'" 75 Va. App. at 488 (quoting Code § 53.1-187). We read the term "confine" to mean "the state of being imprisoned or restrained." *Id.* (quoting *Bing v. Haywood*, 283 Va. 381, 387 (2012)). We concluded that "Code § 53.1-187 grants a trial

- 2 -

court no authority to grant credit against a sentence for the time a defendant was admitted to pretrial bail and was not actually confined," even when the defendant was on home-electronic monitoring. *Id.*

Like the defendant in *Maryland*, Claiborne was admitted to bail while awaiting trial and placed on home-electronic monitoring as a condition of release. Thus, we find no basis to distinguish this case from *Maryland*.[1] To her credit, Claiborne's counsel noted that the appeal in *Maryland* had been argued and was pending when she filed her appellate brief here on September 19, 2022. *Maryland*, decided the very next day, now binds this Court under the interpanel-accord doctrine. *E.g.*, *Butcher v. Commonwealth*, 298 Va. 392, 397 n.6 (2020).

CONCLUSION

Under *Maryland*, the trial court correctly rejected Claiborne's argument that she had a right to credit for time served while on home-electronic monitoring.

*Affirmed.*

---

[1] Like the defendant in *Maryland*, Claiborne relies on *King v. Commonwealth*, 73 Va. App. 349, 353-54 (2021), arguing that being on home-electronic monitoring meant that she was in "custody" while awaiting trial. But *Maryland* made clear that *King* involved the felony-escape statute, "Code § 18.2-479(B), which applies to any person who is charged or convicted of a felony and 'in the custody of any court, officer of the court, or of any law-enforcement officer.'" 75 Va. App. at 489. We explained that "the definition of 'custody' under Code § 18.2-479, as construed in *King*, was not synonymous with actual 'confinement' as stated in Code § 53.1-187." *Id.* at 490.